◈ AO 472  (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__EASTERN__    District of    __MISSOURI__

UNITED STATES OF AMERICA

V.

__LARRY L. CARTER__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number:   1:13CR17 SNLJ

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in   21 U.S.C. § 841(b)(1)(C)   .
  ☐ under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

  I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the release of the defendant on bond would constitute a danger to the community. The court further finds by a preponderance of the evidence that the release of the defendant on bond would present a risk of non-appearance. Defendant poses a danger to the community and a risk of non-appearance if released for the following reasons: SEE ATTACHED PAGES.

### Part III—Directions Regarding Detention

  The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

  __September 11, 2013__                              */s/ Lewis M. Blanton*
        *Date*                                        *Signature of Judicial Officer*

                          LEWIS M. BLANTON, UNITED STATES MAGISTRATE JUDGE
                                *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

The information and facts contained in the Pretrial Services Report concerning Defendant Larry L. Carter are adopted and incorporated herein by reference.

Danger to the community:

Defendant is charged with Distribution of Cocaine Base.

The grand jury, by indicting the defendant, has found probable cause that the defendant committed offenses that trigger the rebuttable presumption under Title 18 U.S.C. § 3142(e), that if released, the defendant would present a danger to the community and a risk of flight. United States v. Payne, 660 F.Supp. 288, 291 (E.D.Mo. 1987); United States v. Hernandez, 939 F.Supp. 108 (D.P.R. 1996); United States v. Garcia, 801 F.Supp. 258, 261 (S.D. Iowa 1992). That presumption has not been rebutted.

The defendant has been charged with one count of aiding and abetting Frederick E. Payne in the distribution of cocaine base.

By his history, in June of 2006, the defendant was convicted of the felony of Second Degree Assault in the Circuit Court of Pemiscot County, Missouri. He received a sentence of seven years imprisonment which was suspended and Mr. Carter was placed on supervised probation for three years. In December of 2008, the defendant admitted that he had violated the terms of his supervised release and the sentence of seven years imprisonment was imposed. In March of 2009, the defendant was released from prison and placed back on supervised probation by his state court judge.

The Affidavit of Special Agent Ryan Becker with the Bureau of Alcohol, Tobacco and Firearms relates that on December 30, 2011, the defendant, Larry Carter, and co-defendant, Frederick

Payne, made a sale of cocaine base to a confidential informant. The details of the sale are contained in Agent Becker's affidavit.

There is no question that illegal drug manufacturing and trafficking are most serious dangers to any community. Cocaine base is a strongly addictive and destructive drug. The danger of drug trafficking was specifically recognized in the Eighth Circuit case of United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986), in which the Court of Appeals affirmed an order detaining the defendant pending trial. Its conclusion that the defendant should be detained was explained in the following terms:

> This determination is not based on any possession or use of weapons by Sazenski, except insofar as it may relate to his revocation of probation some years ago. Instead, we recognize the congressional determination that large scale drug trafficking is a serious danger to the community and that a drug network has the ability to continue to function while one of its members awaits trial. See United States v. Portes, 786 F.2d 758, 765 (7th Cir. 1985). We further recognize that either danger to the community or risk of flight is sufficient to authorize detention. Id.; United States v. Jessup, 757 F.2d 378, 385 (1st Cir. 1985); see also United States v. Warren, 787 F.2d 1237,1238 (8th Cir. 1986).

On April 4, 1994, when the defendant was seventeen years old, he was arrested for Unlawful Use of a Weapon-Shooting into a Motor Vehicle in Pemiscot County, Missouri. He was sentenced to five years in the Missouri Department of Corrections, and the execution of the sentence was suspended with a five-year term of probation. In August of 1997, the defendant's probation was revoked, and the sentence was ordered executed. In April of 2000, the defendant was placed on parole supervision, and the sentence terminated in June of 2002.

In November of 2003, in Pemiscot County, Missouri, the defendant was arrested and charged with Assault in the Second Degree. He entered an Alford Plea and was sentenced to seven years in the Missouri Department of Corrections. He received a suspended execution of sentence with a five-

year term of probation. In December of 2008, the defendant's probation was revoked, and the sentence was ordered executed. In April of 2009, the remainder of the defendant's sentence was suspended, and he was placed back on probation.

The defendant has non-conviction or disposition unknown arrests for Assault in the First Degree, Armed Criminal Action, Probation Violation, Failure to Appear, Violation of a Full Order of Protection, Assault-Domestic Violence Third Degree, Flight Escape/Fugitive from Justice and Distribution/Delivery/Manufacture of a Controlled Substance.

The defendant has an Order of Protection entered against him in favor of Shureeka Moore and her children by a court in Gwinnett County, Georgia. Shureeka Moore is the defendant's wife, and they are currently separated. He informed he has five children through his relationship with Ms. Moore. The order of protection was entered in January of 2013, and expires in January of 2014. The order awarded temporary custody of the children to Shureeka Moore and did not give the defendant visitation with the children.

The court finds the release of the defendant on bail would be a danger to the community.

Risk of non-appearance:

Agent Becker's affidavit relates that on March 19, 2013, the defendant's co-defendant, Frederick Payne, was arrested and entered a guilty plea to Count I of the Indictment on July 15, 2013. The affidavit continues that a few days after Payne's arrest, Agent Becker was provided a telephone number by the United States Attorney's Office to Larry Carter who had contacted their office. Agent Becker called that number and the person identified himself as Larry Carter. Agent Becker informed

the person on the other end of the phone that he had a federal arrest warrant for him and told the person he should turn himself in to the Federal Courthouse in Cape Girardeau. The person on the other end of the phone informed Agent Becker that he would turn himself in. The affidavit continues that Carter did not turn himself in and, instead, fled the area.

Later in March 2013, a woman called the United States Attorney's Office in Cape Girardeau and spoke with the receptionist. The woman said she was Larry Carter's mother, and she wanted to know if there was an arrest warrant for Larry Carter. The woman was told that there was an arrest warrant for Larry Carter and that he should turn himself in. The affidavit continues that Carter did not turn himself in but fled the area. Agent Becker received information that Mr. Carter was living in different residences in Georgia and Florida. Officers previously attempted to locate Carter at the residence he reportedly resides in at Hayti, Missouri.

On September 1, 2013, Carter was arrested by members of the Caruthersville Police Department. When Mr. Carter spoke to Becker after his arrest, Carter said that he did not call Becker to inquire about any arrest warrant. Agent Becker asked Carter about his addresses from March to September, 2013. Mr. Carter said he was in Michigan when the officers were looking for him in March, 2013, and that he had been living in Springfield, Missouri, since January, 2013. Mr. Carter told the Pretrial Services Officer that since January 9, 2013, he has resided in Hayti, Missouri. The information gave to Agent Becker about where he had been living since March of 2013 to the present is at odds with the statement he made to the Pretrial Services Officer that since January 9, 2013, he has lived at 402 West Cleveland Street in Hayti, Missouri, with his uncle, Johnny Roberson.

The defendant has admitted that he has been a daily user of both alcohol and marijuana since he returned to Missouri.

At the detention hearing, the Assistant United States Attorney stated that if the defendant is convicted on the current charge, he could be considered a Career Offender, which could involve a significant sentence which, in turn, would involve a risk of non-appearance.

The court finds the release of the defendant on bail would involve a risk of non-appearance.

Based on the foregoing, the court finds that no condition or combination of conditions will reasonably assure the safety of the community and the defendant's appearance as required were he to be released on bail.

In reaching its decision, the court has considered the Report of the Pretrial Services Officer of the Eastern District of Missouri, the Affidavit of Special Agent Ryan Becker, the factors set out in Title 18 § 3142(g) and the argument of the parties.